Case 4:96-cv-00594  Document 42  Filed in TXSD on 07/31/97  Page 1 of 4

Clerk, U.S. District Court
Southern District of Texas
ENTERED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUL 3 1 1997

Michael N. Milby, Clerk

SOHAIL ALAM,                          §
                                      §
              Plaintiff,              §
                                      §
       v.                             §     C.A. NO. H-96-594
                                      §
DR. ZAHEER AHMAD, MR. MOHAMMAD        §
    ZAHID, MR. SAMI-ULLAH SHARIF,     §
    DR. MAZOOR-UL-HAQ QAZI, DR.       §
    HABIB-UR-REHMAN, AND SHIFA        §
    INTERNATIONAL HOSPITAL,           §
                                      §
              Defendants.             §

## SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION

On June 26, 1997, this Court signed a Memorandum and Recommendation in the instant case, recommending the denial of Defendants' Motion to Dismiss Plaintiff's Amended Complaint. Not unexpectedly, defendants filed objections to that Memorandum and Recommendation. The Court does not find defendants' objections to be meritorious, and, therefore, stands by the recommendations made in the Memorandum and Recommendation. However, defendants included supplemental affidavits with their objections, as this Court invited them to do; thus, this Supplemental Memorandum and Recommendation revisits the diversity jurisdiction question.[1]

In their motion to dismiss, defendants argued that there was no diversity jurisdiction because, *inter alia,* the defendants, with the exception of Mr. Sharif, are United States citizens domiciled in Pakistan. After reviewing all of the affidavits, the

---

[1]The June 26, 1997 Memorandum and Recommendation is hereby incorporated *in toto*.

1

CIMPDF - www.fasoo.com

#42

Court determined that the evidence was not sufficient to support the defendants' claim that these defendants had changed their domicile. In so concluding, the Court followed Coury v. Prot, 85 F.3d 244 (5th Cir. 1996), relied upon by defendants. Many of the factors that the Fifth Circuit directed courts to consider, but which were lacking in the record, were set forth. Although the supplemental affidavits filed with the objections addressed some of the Coury factors, they remain too general and incomplete to satisfactorily guide this Court to the conclusion that defendants have changed their domicile to Pakistan.

The Court originally accepted the assertions in plaintiff's affidavit as true and expressed concern that defendants did not rebut his allegations. Though defendants' supplemental affidavits[2] assuage the Court's concern about the possibility that they continue to own residences in the United States and that they have not sufficiently verbalized their intent to remain in Pakistan indefinitely, they do not thoroughly address the many factors set forth in Coury.[3] The defendants do not state that they do not have bank accounts or pay taxes in the United States, that they do not

---

[2]Supplemental affidavits were filed on behalf of defendants Qazi, Ahmad, and Rehman. Though defendants claim that defendant Zahid also intends to remain in Pakistan indefinitely, no supplemental affidavit was attached for him.

[3]The Court is mindful of the Fifth Circuit's admonishment that "the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile." Coury, 85 F.3d at 251. Nonetheless, the Court expects the defendants to use the Fifth Circuit's list of factors as a starting point and to generate detailed support from there.

ClibPDF - www.fastio.com

have driver's, medical, or other licenses in the United States, or that they do not exercise civil and political rights in the United States. Though their supplemental affidavits address some of the Coury factors, their treatment of the factors is scanty.

The defendants rely upon Coury in both their motion and their objections; they even challenge this Court's interpretation of that case. They are obviously familiar with the standard that the Fifth Circuit has set forth in Coury for determining whether the requisite intent reflecting a change of domicile has been shown. Though the evidence suggests that defendants have changed their domiciles, the Court is uneasy that the current evidence is not developed well enough to support defendants' stated intention to remain in Pakistan[4] and to overcome the presumption of the continuing domicile in the United States.[5] Based on the current record, however, this Court is of the opinion that defendants have not fulfilled their burden and remains reluctant, on the basis of the submitted evidence, to deny diversity jurisdiction.

Hence, the Court stands by its original Memorandum and Recommendation and continues to recommend that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint be **DENIED** at this time. However, the Memorandum and Recommendation is modified to

---

[4] "A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." Coury, 85 F.3d at 251.

[5] "A person's domicile persists until a new one is acquired or it is clearly abandoned....There is a presumption in favor of the continuing domicile which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict." Coury, 85 F.3d at 250.

3

incorporate the following: the Court **RECOMMENDS** that defendants be given one last opportunity to file supplemental affidavits or other evidence to support their purported change of domicile, within twenty (20) days of the date that this recommendation is adopted.

SIGNED this _31st_ day of _July_____, 1997.

Nancy K. Johnson
United States Magistrate Judge

4